## KELLOGG ET AL. v. LOGAN ET AL.

DESCENT. Effect of assignment of a contract for the purchase of school land upon the interest of heirs at law.

*Appeal from Decatur District Court.*

THURSDAY, APRIL 23.

THE plaintiffs in their petition state that on the 17th day of October, 1854, O. N. Kellogg purchased from the School Fund Commissioner of Decatur county, certain land, described in the petition, on which he paid the sum of $87.50, and the balance, $262.50, was to be paid at a future time as stipulated in a written contract made and entered into by which the School Fund Commissioner agreed that said Kellogg should receive a deed for the land upon final payment of the purchase money. It is further alledged that O. N. Kellogg died September 21st, 1855, leaving H. N. Kellogg, his widow, and the plaintiffs his minor heirs; that subsequently, in 1863, the balance of the purchase money for said land remaining unpaid, an action to foreclose the contract and the equity of the plaintiffs therein was instituted in which judgment was rendered, upon which execution was issued, the land sold thereunder, defendants becoming the purchasers. It is alleged that the sale

and judgment are void as to the plaintiffs for the reason that they were never legally served with notice of the foreclosure action.

The answers of the defendants admit the purchase of the land·by the plaintiffs' ancestor as alleged, admit the foreclosure and sale, but deny that the plaintiffs are the heirs of O. N. Kellogg, deceased, or that they have any interest in the land, deny all other allegations of the petition, and allege that prior to his death, O. N. Kellogg had assigned and transferred the said school fund contract to other parties named, and had no interest whatever in the lands at the time of his death. By way of cross-bill defendants claim $3,000, for improvements, in case plaintiffs are permitted to redeem. The court rendered a decree for the defendants, from which plaintiffs appeal.

*G. W. Penney*, for appellants.

*Warner & Bullock*, and *J. W. Harvey*, for appellees.

MILLER, CH. J.—The only interest ever held by the plaintiffs' ancestor in and to the lands in controversy, he obtained and held under a contract with the School Fund Commissioner of the county, which would have entitled him, upon full and final payment therefor, to a deed vesting in him the fee simple title. It is very satisfactorily shown by the evidence, that said O. N. Kellogg, prior to his death, assigned this school fund contract to George Woodbury and C. L. Kellogg, and that they assigned to other parties. By his assignment O. N. Kellogg parted with all the interest which he ever had in the lands in controversy. There is no evidence tending to show that this contract was re-assigned to him prior to his decease, or that he acquired any interest in this land, in any manner, prior thereto. The plaintiffs, as the heirs at law of O. N. Kellogg, deceased, could not inherit any interest in these lands unless their ancestor had some interest therein at the time of his death. Having failed to show any such interest they are not entitled to recover in this action. The decree of the court below is

AFFIRMED.